UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
VIT ENTERPRISES, LLC, and JOSEPH
D. VITULLI,

    Appellants,

  -against-

MICHAEL CARRERA,

    Appellee.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 19-CV-2614

*Appearances:*
*For the Appellants:*
PATRICIA A. ROONEY
78 Montauk Highway
Amity Harbor, New York 11701

*For the Appellee:*
PETER COREY
Macco & Corey, LLP
2950 Express Drive South, Suite 109
Islandia, New York 11749

**BLOCK, Senior District Judge:**

  The Bankruptcy Code allows a debtor in bankruptcy to exempt certain property from the bankruptcy estate and, therefore, from distribution to creditors. *See* 11 U.S.C. § 522(b). It further allows the debtor to avoid the attachment of certain liens to exempt property. *See id.* § 522(f).

  Michael Carrera declared bankruptcy in 2016. At that time, VIT Enterprises, LCC, and Joseph D. Vitulli (collectively, "VIT") held a judgment lien of $100,700 on Carrera's primary residence. In 2018, Carrera moved the bankruptcy court for an order avoiding that lien on the ground that it impaired his $10,000 homestead

1

exemption. VIT objected, but the bankruptcy court overruled the objection and granted the motion. VIT timely appealed, raising the following issues.

1. VIT argues that Carrera's motion should have been barred by the equitable doctrine of laches because it was filed two years after he declared bankruptcy. Laches "bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 259 (2d Cir. 1997). Those questions are "primarily addressed to the discretion of the trial court." *Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 435 (1965).

Carrera explains that he did not immediately file the motion when he declared bankruptcy because he first needed to obtain a mortgage loan modification, without which he would have lost the property to the mortgage holder, whose lien was superior to VIT's. With respect to prejudice, VIT argues that the delay made it more difficult to accurately appraise the property's value at the time Carerra declared bankruptcy. Retrospective appraisals are commonplace, however, *see, e.g.*, *In re Saucier*, 353 B.R. 383, 387 (Bankr. D. Conn. 2006) ("[T]he cost differential in obtaining an appraisal of a residential property as of four years ago, as compared to a current appraisal, may be expected to be relatively minor."), and VIT submitted no evidence to the contrary. In the circumstances, the bankruptcy court acted well within its discretion in not applying laches.

2. On the merits, VIT argues that the bankruptcy court improperly relied on a comparative market analysis ("CMA") instead of a full appraisal as a basis for the property's fair market value. Fair market value is a question of fact and, therefore, reviewed only for clear error. *See United States v. 105.22 Acres of Land*, 498 F.2d 8, 9 (2d Cir. 1974) ("Whatever our own views might have been as to fair market value had we been the triers of the facts, we cannot say that [the trial court's] findings were clearly erroneous.").

Bankruptcy courts regularly use CMAs as reliable evidence of fair market value. *See, e.g.*, *In re Shea*, 533 B.R. 358 (Bankr. E.D.N.Y. 2015); *In re Roche*, 2009 WL 2873075 (Bankr. N.D.N.Y. Aug. 11, 2009); *In re Belding*, 2010 WL 5376295 (Bankr. D. Vt. Dec. 23, 2010). VIT claims that the CMA was deficient in several respects, but those arguments—which were presented to the bankruptcy court—were for the bankruptcy court to consider in deciding what weight to give the analysis. A rebuttal appraisal from VIT would have required the bankruptcy court to "pay close attention" to the competing valuations, *In re Gucciardo*, 576 B.R. 297, 300 (Bankr. E.D.N.Y. 2017), but VIT did not submit an appraisal, despite an opportunity to do so.

For the foregoing reasons, the bankruptcy court's order granting Carrera's motion to avoid VIT's lien is AFFIRMED.

**SO ORDERED.**

                 /S/ Frederic Block  
                 FREDERIC BLOCK  
                 Senior United States District Judge

Brooklyn, New York  
March 18, 2020